Mr. Justice Bay
delivered the opinion of the court.
Upon the first ground, I perfectly coincide with the Recorder, that this prosecution is not in the nature of a penal-action for the recovery of a penalty, which is a civil remedy of a private nature, like every other for the recovery of a debt or specific sum. But it is a prosecution of a public nature for .an offence against the community ; and there pan-be no doubt but that an indictment will lie for offences of this kind against the police and good order of the country, both by the common and statute law. The authority in Hawk. 64, referred to by the Recorder, is clear upon that point; and those he refers to, (4 Black. 5,) lay it down, that a crime or misdemeanor is an act committed or omitted in violation of a public law, either forbidding or commanding it; and this definition,he says, comprehends both crina es and misdemeanors, though in common usage, the word crimes is made to denote those of a deeper dye, while the smaller or lesser faults are comprised under the gentler name of misdemeanors only. And he observes further, “ that one of the objects of the law is, to secure the public peace and benefit of society, by punishing every breach or violation of those laws which the sovereign power has thought proper to establish for the government and tranquillity of the whole.” (4 Black. 7.) Ar.d again, it is laid down by the same author, (page C02,) that an indictment will lay for any crime or misdemeanor preferred to or presented upon oath by a grand jury.
Whatever doubt might have been entertained upon the subject matter of this prosecution under the provisions oí the act against billiard tables and selling liquors, before the case of Mifred, that .case has put the qui tani action 3t rest in this state, and settled the point that an indict.. *358 ment will lay for an offence against any of the public acte or laws of the state.
The second point or ground of objection in the brief is, that the husband of Mrs. Collins^ the defendant, might be subjected to a penalty and prosecution to which he is not a party. And here I must observe that it appears to me that the counsel for the defendant has assumed a fact in this case which does not appear to me to have been proved in it; to wit, that defendant was a married woman, and was under coverture when this prosecution was commenced. The only proof upon this point is that of Mr. Wrayf who says he had heard that she had been married ; but where this husband was, or whether he was living or dead, he did not know. Now he does not mention from whom he had this report, or that it was commonly reported and believed that she was a married woman in the neighbour-hood ; or whether, if it was true, that the husband had ever been seen in this country, or if he had ever been in it, whether he had not gone off, and left and abandoned her. For ^ught that appears to the contrary, it might have been from Mrs, Collins herself he heard this storj’, who it appears had a son, whom she might have been desirous of having it believed'was born in lawful wedlock. I think ‘the proof on that head was very vague and uncertain. But admitting it to be true for argument sake, audit does seem to have been admitted, as the opinion of the Recorder and the arguments of the Attorney General were principally bottomed upon that presumption, that she had been a married woman, still I am of opinion it does not alter the legality of the conviction. For it was well laid down by the Recorder, in his charge to the jury, that a feme covert was liable for any offence not capital, or in other words, for any misdemeanor which she might commit without the presence of her husband or his coercion. For Mr. Hazokins expressly lays it down in the authority referred to by the Recorder, “ that a feme covert shall answer as much as if she were sole, for any offence not capital against «he common law or statute ; and if it be of such a nature *359 that it may be committed by her alone, without the husband, she may be punished for it without the husband by way of indictment; which, being a proceeding grounded on the breach of the law, the husband shall not be included in it for an offence to which he, was no wise privy.— The same doctrine is laid down in 1 Bac. Tit. Baron and Feme, page 487, viz. That a feme covert generally shall answer as much as if she were sole for any offence, not capital against the common law or statute, and that she may be prosecuted for it by way of indictment; the husbaiid shall not be included in it for any offence to which he was no wise privy ; and refers to Hawk. p. 64, 96, 71. Reeves, 72. And in 11 Co. 61, it is laid down that the husband is not liable to a forfeiture recovered in an indictment against the wife.
As to the third and last ground in the report or brief; That as the state had admitted Mrs. Collins to be a married woman, it was incumbent on the state to prove that they lived separate.
If this kind of proof had really been necessary on the present occasion, I do not see bow that fact could have been better or more satisfactorily proved, than it was by Mr. Wray, the first witness, who swears, that he bad been in the habit of buying spirituous liquors from defendant;that she complained to him that people did not pay her for them punctually, &c. and further, as to the husband, that he did not know where he was, whether living or dead. It did not appear that he ever saw him, or whether, if he had ever been in this country, he had not gone off and left it. If this be not sufficient proof of his not living with her, it is difficult, if not impracticable, ever to prove such a fact.
Upon the whole of this case therefore, under all the circumstances of it, I do not see any grounds for calling in question or setting aside this conviction, or granting a new trial.
I am therefore of opinion that the motion should be dismissed.
Justices Colcock, Noit, Huger wá'Gantt, concurred.